**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | **CRIMINAL CASE NO. 03-00068-CG** |
| ) | |
| **MARLO DEVAN FERGUSON,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

The above-styled action came on for trial by jury on November 15 and 16, 2005, before the Honorable Callie V. S. Granade, Chief United States District Judge. The jury was selected, but not sworn, before the Honorable Charles R. Butler, Jr., Senior United States District Judge on October 31, 2005.

On November 15, 2005 an in camera hearing was held regarding several pretrial motions. Defendant's motion in limine regarding certain photo exhibits (Doc. 55) was **GRANTED** in part and **DENIED** in part. The United States was allowed to use the photos but for demonstrative purposes only. The pretrial hearing held on October 14, 2005, and the rulings made therein were incorporated into these proceedings. The United States' oral motion in limine to preclude defendant from mentioning hearsay statements during opening statements was **GRANTED**.

The jury was duly sworn, and trial commenced. The government presented its case-in-chief, and rested. Upon completion of examination of witness Melvin Jones the defendant orally moved to be allowed to examine the witness on the United States' exhibits 11, 12 and 13 which were introduced on redirect examination, and said motion was **DENIED**. After cross-examination of witness Tkacik, defendant orally moved to strike her testimony, and said motion was **DENIED**. At the close of the United States' case-in-chief, the defendant orally moved for

judgment of acquittal, and orally renewed motion his previous motions. Said motions were **DENIED** for the reasons as set forth on the record. The defendant then presented his case and rested. At the close of all the evidence the defendant orally renewed his motions for judgment of acquittal, for permission to examine witness Jones and to strike witness Tkacik's testimony, and said motions were **DENIED** for the reasons as set forth on the record.

The court then held a charge conference with counsel, and the respective parties presented their closing arguments to the jury. The court charged the jury on the applicable law on November 15, 2005, and the jury commenced their deliberations on November 16, 2005.

Now, on the 16th day of November, 2005, comes the jury who, having heard the evidence, the arguments of counsel, the charge of the Court and having considered the same, upon their oaths return the following verdict into open court with counsel and defendant present, to-wit:

"WE, THE JURY, FIND THE DEFENDANT**, MARLO DEVAN FERGUSON, GUILTY** AS CHARGED IN COUNT ONE OF THE INDICTMENT.

        DANA SHAW
        FOREPERSON"

In accordance with the jury's findings, it is ADJUDGED that the Defendant MARLO DEVAN FERGUSON has been found GUILTY and CONVICTED of the offense of possession of a firearm by a prohibited person in violation of Title 18, United States Code, Section 922(g)(1) as charged in Count One of the Indictment.

It, therefore, is **ORDERED** that the Defendant MARLO DEVAN FERGUSON is to remain in custody pending imposition of sentence **SCHEDULED** for **WEDNESDAY,**

**FEBRUARY 22, 2006, at 1:00 p.m.**

The presentence investigation report shall be completed by U. S. Probation and disclosed to the parties on or before **January 18, 2006**.

On or before **February 8, 2006**, the parties shall each file a "Position of (United States) (Defendant) with Respect to Sentencing Factors" in accordance with this Court's Standing Order Number Five.  All other requirements and deadlines of that Standing Order shall be strictly observed and enforced.

**DONE and ORDERED** this the 16th day of November, 2005.


/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE